## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JIEMIN BAI** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  21-cv-390 (TSC) |
| | ) | |
| | ) | |
| **MATTHEW M. GRAVES**, United States | ) | |
| Attorney of the District of Columbia, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

On January 30, 2019, Plaintiff Jiemin Bai participated in a protest near the White House during a diplomatic visit by representatives of the People's Republic of China.  After an altercation during the protests, United States Secret Service officers arrested Bai, who was later charged and acquitted of two criminal offenses arising out of the altercation.  *See U.S. v. Bai*, No. 19-cr-34, ECF No. 66 at 1 (D.D.C. Dec. 13, 2019).  Bai has sued the Acting U.S. Attorney for the District of Columbia in his official capacity, and now-former U.S. Attorney Liu in her official and personal capacities, claiming 42 U.S.C. §§ 1981 and 1983 violations, Administrative Procedure Act ("APA") violations, and tort injuries.  Compl. ¶¶ 32, 38, 42, 49, ECF No. 1 ("Compl.").  Defendants have moved to dismiss, claiming the court lacks the jurisdiction to hear Bai's claims under Federal Rule of Civil Procedure 12(b)(1), and that Bai has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defs.' Mot. at 2-3, ECF No. 6.  Because the court lacks the jurisdiction to hear Bai's tort claims, and Bai has failed to sufficiently plead his civil rights and APA claims, Defendants' Motion to Dismiss will be GRANTED.

Bai alleges five tort claims: false arrest, false imprisonment, malicious prosecution, battery, and assault.  The court lacks jurisdiction to hear any of them.  The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort actions against federal agencies and their officers.  *See* 28 U.S.C. § 2679.  The FTCA is a limited remedy--a federal court only acquires jurisdiction over a claim after a plaintiff has exhausted all available administrative remedies.  *See* 28 U.S.C. § 2675; *see also Smith v. Clinton*, 886 F.3d 122, 127 (D.C. Cir. 2018) (holding that plaintiff's failure to exhaust administrative remedies deprived the district court of subject matter jurisdiction).  Bai has not alleged that he has exhausted his administrative remedies and Defendants submit they have not received any such filing.  *See* Defs.' Mot., Jenkins Decl. at 1, ECF No. 6-2.  While courts construe complaints liberally and grant plaintiffs "the benefit of inferences that can be derived from the facts alleged," Bai has failed to proffer any evidence that would allow this court to infer that he exhausted or even attempted to exhaust his administrative remedies.  Consequently, the court lacks jurisdiction to hear his tort claims.

A complaint must contain "sufficient factual matter" that, when accepted as true, states a plausible claim to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Bai has alleged no facts to support his civil rights claims or his APA claim.

As a threshold matter, Bai's 42 U.S.C. § 1981 claim fails because § 1981 prohibits discrimination in the making and enforcing of contracts, and Bai has not alleged any contractual arrangement.  More broadly, Bai's invocation of § 1981 and § 1983 is inherently faulty.  While these statutes are federal remedies, they only apply to persons acting under color of "any State or Territory, or . . . District of Columbia" law; they do not apply to federal officials exercising federal authority.  *See, e.g.*, *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law); *Marcus v.*

*Geithner*, 813 F. Supp. 2d 11, 19 (D.D.C. 2011) (42 U.S.C. § 1981 "does not apply to actions taken under color of *federal law*") (emphasis in original) (citation omitted).  United States Attorneys are federal officers.  *See* 28 U.S.C. § 541 *et seq.*  Plaintiff has alleged his civil rights violations stem from Defendants' "usurping and abusing the Federal justice system" by choosing to prosecute him. Compl. ¶ 33.  In the absence of any facts showing that Defendants—federal actors—were acting under color of state law, Bai's 42 U.S.C. § 1981 and § 1983 claims must fail.

Bai's claim that the Defendants' "outrageous behavior in pursuing [his] . . . vindictive and frivolous prosecution" violated the APA similarly falls short.  Compl. ¶ 53.  As the Supreme Court has explained, federal prosecutorial decisions are afforded a "presumption of regularity," absent any clear evidence to the contrary or violation of constitutional constraints.  *U.S. v. Armstrong*, 517 U.S. 456, 464 (1996).  Beyond characterizing his prosecution as "outrageous," "vindictive," and "frivolous," Bai has presented no evidence that Defendants' prosecution of him was illegal, irregular, or violated the Constitution.  Absent such evidence, the court cannot sustain Bai's APA claims.

Finally, in his opposition to Defendants' Motion to Dismiss, Bai attempts to re-plead his tort claims as First Amendment violations of the Bivens Doctrine.  Pl.'s Opp'n at 3–5, ECF No. 11; *see also Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As Defendants correctly observe, however, "a plaintiff cannot amend its complaint by briefs in opposition to a motion to dismiss."  *See Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 165 n.10 (D.D.C. 2014).  Bai's Complaint made no reference to a *Bivens* claim, and his three invocations of the First Amendment were in support of his tort claims.  While Plaintiff is free to amend his complaint, he cannot do so via opposition to a Motion to Dismiss.

For these reasons, Defendant's Motion to DISMISS is GRANTED.


Date:  January 13, 2022


*Tanya S.  Chutkan*
TANYA S.  CHUTKAN
United States District Judge