**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **JIEMIN BAI** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-390 (TSC) |
| | ) | |
| **MATTHEW M. GRAVES,** United States | ) | |
| Attorney of the District of Columbia, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Jiemin Bai filed this civil action, *pro se*, alleging tort injuries pursuant to the Federal Tort Claims Act ("FTCA"), Administrative Procedure Act ("APA") violations, and civil rights violations under 42 U.S.C. §§ 1981 and 1983 against the U.S. Attorney for the District of Columbia in his official capacity, and former U.S. Attorney Jessie Liu in her official and individual capacities. Several months later, Ning Ye appeared as counsel on Plaintiff's behalf. Notice of Appearance, ECF No. 10. Shortly thereafter, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the court dismissed the case without prejudice. *See* Order Granting Mot. to Dismiss, ECF No. 17. Plaintiff now seeks leave to file a First Amended Complaint ("FAC"), Corrected Mot. for Leave to File First Am. Compl., ECF No. 25. Plaintiff claims that if granted leave, he intends to add as a defendant D.C. Department of Corrections director Thomas N. Faust in his official capacity, and to bring additional claims against Defendants under the *Bivens* doctrine and the Torture Victim Protection Act ("TVPA"). *See* FAC ¶¶ 47–52, ECF No. 25-3. For the reasons set forth below, the court will DENY Plaintiff's Motion.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  However, courts must consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment would be futile and should be denied if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.  *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *see also Aguiar v. Drug Enf't Admin.*, 992 F.3d 1108, 1113–14 (D.C. Cir. 2021) ("The district court properly denies a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

## II.   ANALYSIS

Plaintiff's FAC asserts seven claims against three government official defendants, none of which can succeed.  Plaintiff's third, fourth, fifth, and sixth claims under the FTCA again fail to plead administrative exhaustion.  *See* Am. Mem. Op. at 2, ECF No. 16.  Plaintiff's seventh claim, brought under the APA, likewise does not cure the Complaint's deficiencies.  *Id.* at 3. The second claim, asserting civil and constitutional right violations under Sections 1981, 1983, and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), does not adequately plead any of those causes of action.  FAC ¶¶ 73–77.  Lastly, Plaintiff's first claim alleges injuries under the TVPA but does not allege that Defendants acted under color of foreign law, as the statute requires.

### A. **Federal Tort Claims Act Claims**

The FAC's FTCA claims are futile for reasons the court has already explained.  Under the FTCA, a federal court only acquires jurisdiction over a tort action against a federal agency and its officers after the plaintiff has exhausted the available administrative remedies by submitting his tort claim to the agency, which must provide a final written denial of the claim. 28 U.S.C. § 2675(a).  Informal complaints do not suffice.  *Davis v. United States*, 944 F. Supp. 2d 36, 39 (D.D.C. 2013).  Further, because the FTCA's exhaustion requirement is a jurisdictional prerequisite, the plaintiff bears the burden of pleading exhaustion of administrative remedies to establish the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).  Failure to do so requires dismissal of the corresponding claims.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Smith v. Clinton*, 886 F.3d 122, 127 (D.C. Cir. 2018).

As in the original Complaint, the FAC asserts several tort claims against federal officers. FAC ¶¶ 79–89.  Again, however, the FAC alleges no facts showing that Plaintiff exhausted his administrative remedies.  Indeed, Plaintiff acknowledges—despite the fact that he is now represented by counsel—that he is "uninformed" about available administrative remedies, FAC at 15, and has only attempted to seek administrative relief by informally sending "express mail" to the U.S. Department of Justice, FAC ¶ 56.  That does not fulfill Plaintiff's obligation to plead administrative exhaustion.  Nonetheless, he argues that his actions were sufficient given his *pro se* status at the time he sent the mail.  *Id.*  But the FTCA does not make any exception for *pro se* litigants.  And the Supreme Court has specifically held that a litigant's *pro se* status does not excuse his failure to timely file an administrative claim before bringing an FTCA action in federal court.  *See McNeil*, 508 U.S. at 113.  Accordingly, Plaintiff's tort claims could not withstand a motion to dismiss for lack of jurisdiction and an amendment would be futile.

B. **Administrative Procedure Act Claims**

Plaintiff's revised APA claim fares no better. The court previously dismissed it because the Complaint failed to proffer specific allegations demonstrating that Defendants' prosecution of him was illegal, irregular, or violated the Constitution. *See* Am. Mem. Op. at 3. The proposed FAC merely restates the same conclusory assertions as the original Complaint in different terms. *See* FAC ¶¶ 78, 91. Moreover, an APA claim "must challenge a final action of an agency." *Indep. Petroleum Ass'n of America v. Babbitt*, 235 F.3d 588, 594 (D.C. Cir. 2001). Plaintiff's amended claim does not. Because it would not survive a motion to dismiss, the court will deny leave to amend it.

C. **Civil and Constitutional Rights Claims**

The court dismissed Plaintiff's Section 1981 and 1983 claims because the Complaint failed to show that Defendants Graves and Liu—federal actors—acted under color of state law, as those statutes require. *See* Am. Mem. Op. at 3 (citing 42 U.S.C. §§ 1981, 1983); *see, e.g.*, *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005). The proposed FAC is similarly deficient, rendering any other amendments on those claims futile. *See* FAC ¶¶ 39, 45, 63, 76. Plaintiff does seek to add Faust—a D.C. official—as a defendant to these claims, but they would not withstand a motion to dismiss either. A Section 1981 claim requires discrimination in the making and enforcing of contracts, and Plaintiff has not alleged the existence of a contract. *See* U.S.C. 42 § 1981. And the Section 1983 claim will necessarily fail because the FAC does not allege that Faust's "own individual actions[] violated the Constitution." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, Plaintiff seeks to hold Faust liable for the constitutional violations committed "by and through [Faust's] inferior wards of the D.C. Detention Facilities where Plaintiff was wrongfully jailed." FAC ¶ 51; *see also id.*

¶ 48 ("Defendant Faust had inescapable accountability and liability" because he "exercised oversight and supervision of all Detention facilities" where Plaintiff's claims arose).  Because "vicarious liability is inapplicable to . . . § 1983 suits," *Iqbal*, 556 U.S. at 676, the FAC's allegations do not support a § 1983 claim against Faust.

In addition, Plaintiff's FAC asserts a *Bivens* claim against former U.S. Attorney Liu.  FAC ¶¶ 74–77; *see Bivens*, 403 U.S. 388.  It alleges that Liu violated Plaintiff's First Amendment rights during his criminal prosecution.  *See U.S. v. Bai*, Case No. 19-cr-34-RCL, ECF No. 66 at 1 (D.D.C. Dec. 13, 2019).  However, this claim cannot succeed because government prosecutors enjoy absolute immunity for actions taken in their advocatory capacity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  That immunity extends to activities "intimately associated with the judicial phase of the criminal process."  *Id.* at 430–431; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 270–71 (1993) (discussing the line that divides the advocatory activities of a prosecutor that are entitled to absolute immunity from the investigatory and administrative functions that are entitled to qualified immunity); *Bundy v. Sessions*, 387 F. Supp. 3d 121, 128 (D.D.C. 2019) (absolute prosecutorial immunity barred plaintiff's claims of retaliatory prosecution for his exercise of First Amendment rights).

Liu was a prosecutor at the time of Plaintiff's arrest and detention.  FAC ¶ 35.  Plaintiff alleges that she violated his First Amendment rights through retaliatory prosecution, "knowing Plaintiff was exercising his Constitutional Rights to protest."  *Id.* ¶ 74.  He seeks damages for what he views as a "ruthless prosecution."  *Id.* ¶ 76.  Specifically, he alleges that Liu selectively prosecuted him and other Chinese protestors to please "patrons" within the Chinese Communist Party.  *See id.* ¶¶ 25, 28.  These alleged actions were performed in Liu's capacity as a prosecutor.  *See Buckley*, 509 U.S. at 270.  As a result, prosecutorial immunity insulates her from liability for

her "unquestionably advocatory decision" to prosecute Plaintiff, *Moore v. Valder*, 65 F.3d 189, 194 (D.C. Cir. 1995), and the proposed amendment raising a *Bivens* claim against Liu would be futile.

### D.  <u>Torture Victim Protection Act Claim</u>

Lastly, Plaintiff requests leave to sue under the TVPA, alleging that Defendants Liu and Faust subjected him to various acts of "soft-forms of tortures," including sleep deprivation, exposure to cold temperatures, denial of Halal food despite Plaintiff's religious beliefs as a Muslim, and other forms of inhumane treatment.  FAC ¶ 64.  But Plaintiff cannot bring claims under the TVPA because the Act provides a cause of action only against foreign, not U.S., officials.

The TVPA authorizes victims of torture and extrajudicial killings in violation of international law to sue certain individuals acting "under actual or apparent authority, or color of law, of any foreign nation."  28 U.S.C. § 1350, note § 2(a); *see also Nestle USA, Inc. v. Doe*, 141 S. Ct. 1931, 1937 (2021).  In *Doe v. Rumsfeld*, this Circuit reaffirmed that the TVPA does "not include as possible defendants either American government officers or private U.S. persons." 683 F.3d 390, 396 (D.C. Cir. 2012) (quoting *Saleh v. Titan Corp.*, 580 F.3d 1, 16 (D.C. Cir. 2009)).  Here, Defendants are U.S. rather than foreign officials.  FAC ¶¶ 33, 35, 52.  Plaintiff's proposed FAC fails to allege that Defendants acted under color of foreign law and therefore could not withstand a motion to dismiss.  Consequently, this amendment would be futile and the court will deny leave to file it.

### III.  CONCLUSION

For these reasons, the court concludes that granting leave to amend would be futile, as none of the claims in the FAC could succeed.  The court will therefore DENY Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 25.  A corresponding Order will accompany this Memorandum Opinion.


Date: July 21, 2023


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge